# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---------------------------------------------------------------------- X

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK),

      Plaintiff-Appellee,            Case No. 24-7089

      v.

SUBLEASE INTEREST OBTAINED
PURSUANT TO AN ASSIGNMENT AND
ASSUMPTION OF LEASEHOLD INTEREST
MADE AS OF JANUARY 25, 2007, WITH
SAID PROPERTY INTEREST PERTAINING
TO DESCRIBED LEASEHOLD INTERESTS
AT WASHINGTON UNION STATION, et al.

      Defendants-Appellees,

UNION STATION INVESTCO, LLC, et al.

      Defendants-Appellants.

---------------------------------------------------------- X

## MOTION TO HOLD THE APPEAL IN ABEYANCE

Defendants-Appellants Kookmin Bank Co., Ltd., individually ("Kookmin") and in its capacity as trustee ("Trustee") of KTB CRE Debt Fund No. 8, a Korean Investment Trust (the "Trust"), by its agent on behalf of the Trust in Korea, Daol Fund Management Co. ("Daol"), and by its agent on behalf of the Trust in the United States, Rexmark Holdings LLC d/b/a Rexmark ("Rexmark," and together with Kookmin, Trustee, the Trust, and Daol, "Lender") and Union Station Investco, LLC

("USI") (collectively, "Leaseholders"), respectfully move the Court to hold this appeal in abeyance pending the resolution of summary-judgment and just-compensation proceedings in the district court.

Plaintiff-Appellee National Railroad Passenger Corporation ("Amtrak") opposes the request to hold the appeal in abeyance. As explained in Amtrak's motion to dismiss this appeal, Amtrak's position is that this Court does not have jurisdiction over this appeal under either 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a)(1) and that any appeal in this matter must follow entry of final judgment in the district court. Amtrak accordingly believes the proper course is for Leaseholders to dismiss their appeal. But Amtrak agrees that briefing on the merits issues should not take place in this Court at this time given that proceedings on the merits are ongoing in the district court. Amtrak does not intend to file a separate response to this Motion and has stated that this paragraph sets forth Amtrak's position on the Motion.

1. This case arises out of Amtrak's efforts to exercise its statutory eminent-domain authority over Leaseholders' property interest in Union Station ("the Interest"). On May 24, 2024, the district court entered an order granting Amtrak immediate possession of the Interest prior to a determination of just compensation. Dkt. 111.[1] Among other things, the court concluded that the taking

---

[1] "Dkt. __" citations refer to the district court docket in 22-cv-1043 (D.D.C.). "Doc. __" citations refer to this Court's docket in 24-7089 (D.C. Cir.).

was "necessary for intercity rail passenger transportation." Dkt. 106 at 37-43 (citation omitted). The order stated that possession would transfer on July 15, 2024. Dkt. 111 at 1.

2. On June 5, 2024, Leaseholders filed a notice of appeal. *See* Dkt. 114.

3. On June 6, 2024, Leaseholders sought an emergency stay in the district court. *See* Dkt. 116.

4. On July 5, 2024, seven days before the transfer date, and before the district court had ruled on the stay motion, Leaseholders filed an emergency stay motion in this Court. Stay Mot. (Doc. 2063243).

5. On July 9, 2024, while stay briefing was ongoing in this Court, the district court extended the possession-transfer date from July 15, 2024 to July 29, 2024. *See* Dkt. 122 at 3.

6. That same day, Amtrak filed its opposition to the stay motion in this Court and simultaneously moved to dismiss the appeal for lack of jurisdiction. Opp. and Mot. Dismiss (Doc. 2063865). Among other things, Amtrak argued that the district court's immediate possession order was not a final order and that appellate review may be had only after all rights, including ownership and just compensation, have been resolved. *Id.* at 10.

7. On July 15, 2024, the district court denied the Leaseholders' stay motion. Dkt. 123. In that order, the court explained that a "final decision as to the

3

legality of Amtrak's taking will have to await more robust discovery"; that Leaseholders "will have every opportunity" to challenge the legality of the taking after that "next round of discovery"; and that there would be further "summary judgment" proceedings "'concerning the authority of Amtrak to take—to conduct the taking.'" *See* Dkt. 123 at 10-11 (citation omitted). Discovery is scheduled to close on March 5, 2025. *See* Dkt. 108 at 2. And the just compensation trial is scheduled for May 6, 2025. *See* Minute Order (May 28, 2024).

8. On July 16, 2024, Leaseholders filed an opposition to the motion to dismiss, arguing that this Court had jurisdiction either because the immediate possession order was final (under 28 U.S.C. § 1291) or, if interlocutory, because the order granted an injunction (under 28 U.S.C. § 1292(a)(1)). *See* ECF Doc. 2065050.

9. On July 26, 2024, after full briefing on both the stay motion and the motion to dismiss the appeal for lack of jurisdiction, this Court issued a decision. Order (Doc. 2066653). The Court denied Leaseholders' emergency stay motion and referred Amtrak's motion to dismiss the appeal to the merits panel. *See id.*

10. On July 29, 2024, possession of the Interest transferred to Amtrak.

11. On July 30, 2024, this Court issued a briefing schedule under which Leaseholders' opening brief is due on September 9, 2024.

12. With that background, Leaseholders now move the Court to hold the appeal in abeyance pending disposition of the district court's summary-judgment

4

and just-compensation proceedings. Doing so would conserve judicial and party resources and allow the appeal to move forward, in a streamlined fashion, if or when all of the issues involved in the condemnation can come before this Court on a full and complete record. A hold pending further proceedings in the district court is warranted for several reasons.

13. First, as things currently stand, there will be parallel proceedings in this Court and the district court on substantially similar issues. Among other things, this appeal challenges the predicate determination that the Interest is "necessary for intercity rail passenger transportation" for purposes of the immediate possession order. Dkt. 106 at 37-43 (citation omitted). And, at the same time, the district court plans to hold summary-judgment proceedings on the legality of the taking—which, in turn, will adjudicate that same necessity question. Any further record developed in the district court may well bear on that question. And resolution could clarify, narrow, or even obviate the issues on appeal. The most efficient course—for the district court, this Court, and the parties—is to hold the appeal pending the district court's disposition.

14. Second, just compensation remains to be decided and trial is scheduled for May 2025. The parties, of course, vigorously dispute whether this Court has jurisdiction to consider this appeal before just compensation is decided. But

regardless of the answer to that question, it would be more efficient for briefing in any appeal to follow after a determination of just compensation.

15. Third, possession has now transferred to Amtrak and, as such, immediate action by this Court is no longer needed in the same way it was pre-transfer. Since the status quo has already shifted, questions about the validity of the possession order can be decided alongside any questions about the validity of the underlying taking—and ultimately, alongside any issues of just compensation.

16. Holding this appeal in abeyance would best serve judicial economy without prejudicing either the parties or this Court.

17. The Court has held appeals in abeyance in similar circumstances where doing so best serves judicial efficiency and conserves the resources of the parties. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam) (explaining that this Court "[o]ften" holds appeals in abeyance "in light of other pending proceedings that may affect the outcome of the case"); *Gilda Marx, Inc. v. Wildwood Exercise, Inc.*, 85 F.3d 675, 676 (D.C. Cir. 1996) (per curiam) (appeal held in abeyance pending resolution of post-judgment motions). And doing so here would be consistent with the "longstanding policy of the law to avoid duplicative litigation activity." *Basardh*, 545 F.3d at 1069 (citation omitted). Leaseholders respectfully request that the appeal be held in abeyance pending the summary-judgment and just-compensation proceedings.

18. If the appeal is held in abeyance, and the Court thinks it would be useful, Leaseholders can provide regular status updates on the district court proceedings on whatever schedule the Court deems appropriate.

Dated: August 9, 2024

Respectfully submitted,

*/s/ Steven J. Willner*
Steven J. Willner
NEUBERGER, QUINN, GIELEN, RUBIN
 & GIBBER
One South Street
27th Floor
Baltimore, MD 21202-3282
(410) 332-8542
sjw@nqgrg.com

*Counsel for Appellant*
*Union Station Investco, LLC*

*/s/ Melissa Arbus Sherry*
Melissa Arbus Sherry
Christine C. Smith
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
melissa.sherry@lw.com

Paul Kiernan
HOLLAND & KNIGHT LLP
800 17th Street, NW
Suite 1100
Washington, DC 20006
(202) 663-7276

Y. David Scharf
Amber R. Will
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8604

*Counsel for Appellant*
*Kookmin Bank Co., Ltd.,*
*Individually and in its capacity as*
*Trustee of KTB CRE Debt Fund*
*No. 8, a Korean Investment Trust*

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,285 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

This document complies with the typeface requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  August 9, 2024                                          */s/ Melissa Arbus Sherry*
                                                                                    Melissa Arbus Sherry

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2024, I electronically filed the foregoing document with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Melissa Arbus Sherry*
Melissa Arbus Sherry